(No. 2147—

Mid-City Stationers, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 13, 1937.*

R. P. Lichtenwalner, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

Prior to and on the 11th day of March, 1933, claimant was engaged in business at 415 East State Street in the City of Rockford, where it was conducting a store for the sale at retail of stationery and office supplies.

The complaint herein alleges that on the last mentioned date, one of the highway maintenance patrolmen of the respondent in the performance of his duties was driving a certain State highway truck in an easterly direction on State Highway No. 5, and that said patrolman then and there drove and operated said truck in such a careless and negligent manner that it ran into and struck against the front of the building in which plaintiff was conducting its business as aforesaid, whereby the plate glass window and certain personal property there in display were damaged and destroyed;—for all of which claimant seeks to be compensated in this proceeding.

The Attorney General has moved to dismiss the case on the ground that the State is not liable for the negligence of its servants and agents.

We have repeatedly held that the State in the maintenance of its hard-surfaced roads is engaged in a governmental function, and that in the exercise of such functions, it is not liable for the negligence of its servants and agents, in the absence of a statute making it so liable. The liability, if any, rests upon the negligent employee and not upon the State. *Goldie Ryan* vs. *State,* 8 C. C. R. 361; *Audie Crank* vs. *State,* No. 2868, decided at the January Term, 1937; *Wiley Jenkins, et al.* vs. *State,* No. 2987, decided at the March Term,

1937; *George Franklin Garbutt, Admr., etc.* vs. *State,* No. 2246—Opinion on rehearing filed at the present term of this court.

We have no jurisdiction to allow any claim unless the claimant would be entitled to redress against the State either at law or in equity, if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Titone* vs. *State,* No. 2475, decided at the January Term, 1937.

There being no liability on the part of the State under the facts set forth in the complaint, the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.